# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: William H. Hazard                                                Cr.: 2:01CR00272-001

Name of Sentencing Judicial Officer: The Honorable John W. Bissell
                                     Chief United States District Judge

Date of Original Sentence: 01/07/02

Original Offense: Conspiracy to Distribute Methamphetamine

Original Sentence: Imprisonment - 60 months; Supervised Release - 4 years; Special Assessment - $100

Type of Supervision: Supervised Release                    Date Supervision Commenced: 09/16/05

Assistant U.S. Attorney: Brian Howe                        Defense Attorney: Esther Salas, AFPD

---

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | The offender has violated **supervision condition number 6** which states, 'You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.'<br><br>The offender has failed to comply with the repeated instruction of the probation officer to submit medical documentation to support his claim that he has received medical treatment for his reported neck/back pain, and that he has been prescribed pain medicine, in or about November 2005, December 2005, and January 2006. |
| 2. | The offender has violated **supervision condition number 9** which states, 'You shall notify the probation officer within 72 hours of any change of residence or employment.'<br><br>On 1/19/06, the offender was fired from his job at Allied Fire & Safety in Neptune Township, New Jersey, and he failed to notify the probation officer within 72 hours. The offender also failed to notify the probation officer of a change in residence within 72 hours. He relocated from Red Bank to Little Egg Harbor and failed to advise the probation officer within 72 hours. |

William Hazard

3. The offender has violated the special condition which states, 'The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.'

The offender failed to submit to urinalysis on 11/4/05. The offender submitted urine specimens on 11/17/05 and 12/29/05, which tested positive for cocaine.

I declare under penalty of perjury that the foregoing is true and correct.

By: Carolyn McGovern-Wojcik
U.S. Probation Officer
Date: 02/07/06

---

THE COURT ORDERS:

[X] The Issuance of a Summons. Date of Hearing: March 13, 2006 at 2:00 PM.
[ ] The Issuance of a Warrant
[ ] No Action
[ ] Other

Signature of Judicial Officer

February 22, 2006
Date

(4/99)

# United States Probation Office

# United States District Court
# for the District of New Jersey

## VIOLATION OF SUPERVISED RELEASE REPORT

Name of Offender: William Harrison Hazard　　　　　　Docket Number: 2:01CR000272-001

Offender Address: 5 Ketch Court, Little Egg Harbor, New Jersey 08087

DOB: 04/16/62　　　　　　　　　　　　　　　　　　　Reg. Number: 23450-050

Name of Judicial Officer: THE HONORABLE JOHN W. BISSELL
　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

Date of Original Sentence: 01/07/02

Original Offense: Conspiracy to Distribute Methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1)

Class: B Felony　　　　　　　　　　　　　　　　　　Criminal History Category: IV

Original Sentence: Imprisonment - 60 months; Supervised Release - 4 years; Special Assessment - $100

Current Custodial Status:  Offender is currently not in custody.

Special Conditions:  Drug and Alcohol Treatment; Financial Disclosure.

Supervision Commenced: 09/16/05　　　　　　　　　Date Supervision Expires: 09/15/09

Assistant U.S. Attorney: Brian Howe, 970 Broad Street, Room 502, Newark, New Jersey 07102 (973-645-2700)

Defense Attorney: Esther Salas (AFPD), 972 Broad Street, 2nd Floor, New Jersey 07102 (973-645-6347)

**THE PRESENTENCE REPORT DATED 12/04/01 IS ATTACHED.**

## COURT ACTION TO DATE:

None.

## HISTORY OF SUPERVISION/COMPLIANCE WITH CONDITIONS:

Since being released to supervision on September 16, 2005, through November 4, 2005, the offender appeared to be in compliance with the conditions of supervision. He reported as directed, maintained stable employment and a stable residence, remained arrest-free and drug-free, and overall appeared to be doing well.

On November 17, 2005, we discovered the offender was using cocaine, and more recently, he changed employment and residence without notification to the probation officer, which is the subject of this violation report.

## DETAILS OF VIOLATIONS:

| Violation Number | Nature of Noncomplianc |
|---|---|
| 1. | The offender has violated **supervision condition number 6** which states, '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**' |

On December 2, 2005, December 20, 2005, and again on January 30, 2006, the offender was instructed by the undersigned probation officer to submit to the probation officer medical documentation verifying that he has been treated by a doctor for a back/neck injury, and in particular, that he has been prescribed pain medication. Specifically, he claimed that he was treated by a doctor on November 28, 2005, which was the reported reason he called out of work sick that date. On December 2, 2005, he was instructed to submit medical documentation to the probation office regarding that doctor's visit. On December 20, 2005, when the undersigned officer confronted the offender regarding his failure to do so, the offender then admitted that he had not actually been seen by a doctor on that date, and had only "attempted" to see a doctor.

The offender has since failed to follow through with the instruction to submit medical documentation to support his continued claim that he continues to take prescription medication for a back/neck injury, and which he cites as the possible reason for the cocaine in his urine. It should be noted that there is no known pain medication that will test positive for cocaine, as pain medication is generally in the opiate family.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

| | |
|---|---|
| 2. | The offender has violated **supervision condition number 9** which states, '**You shall notify the probation officer within 72 hours of any change of residence or employment.**' |

At the commencement of supervision, the offender was employed at Allied Fire & Safety in Neptune Township, New Jersey. His immediate supervisor stated, at least initially, that the offender was a good employee. In November 2005, continuing into January 2006, the offender began to take multiple days off from work, claiming initially he was suffering from pain caused from a prior back/neck injury. When his employer instructed the offender to come to work or he would face termination, the

offender reportedly then began to take multiple days off from work, claiming that he needed to address child support matters and/or attend court dates for an ongoing civil lawsuit in Passaic County. When the probation officer sporadically called the offender at his job in an attempt to obtain a random drug test, he was often not there.

On January 20, 2006, the offender's employer advised the undersigned probation officer that he fired the offender the previous day when it became suspect that the offender was not actually attending to court matters or addressing child support matters on the days he called out sick from work. The offender failed to advise the probation officer of the change in employment, in particular within 72 hours, as per the conditions of his supervision.

On January 27, 2006, when we attempted to contact the offender via telephone, we learned his telephone had been disconnected. We then sent a letter, both certified and regular mail, to the offender's home instructing the offender to contact the probation officer immediately. We also contacted an ex-girlfriend (mother of the offender's daughter), also in an attempt to locate the offender.

On Monday January 30, 2006, the offender contacted the probation officer, stating that he received a call from his ex-girlfriend indicating that the probation officer was attempting to locate him. The offender admits he did not receive the probation officer's letters, as he had already relocated to Little Egg Harbor without notifying the probation officer.

The Probation Office has determined this conduct constitutes **a Grade C violation.**

3. The offender has violated the **special supervision condition** which states, '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**'

On November 4, 2005, the undersigned probation officer contacted the offender at his job and instructed him to report to the probation office to submit to urinalysis. The offender stated he would report to the probation officer after work, but later failed to do so. At no time had he mentioned that he did not have transportation to the office, although he later provided this as the reason for his failure to report to the probation office to submit to urinalysis.

On November 17, 2005, the undersigned probation officer went to the offender's job to obtain a random drug test. The instant test, which was not witnessed by a male officer, appeared to be positive for cocaine. The offender was then instructed to report to the probation office after work to submit to another drug test in order that it could be witnessed by a male officer, and then sent to the lab for confirmation. The offender reported to the probation office in Tinton Falls, New Jersey, at which time he submitted a urine test that was witnessed by U.S. Probation Officer Robert Zapata. The instant test was positive once again for cocaine, which was then sent to the lab for confirmation. On November 28, 2005, we received confirmation from the lab that this urine test was positive for cocaine. The offender adamantly denies any drug use.

On December 29, 2005, the undersigned probation officer called the offender at his job and instructed him to report to the probation office to submit to a random drug test. The offender reported to the probation office later in the day and submitted a urine test, which was witnessed by U.S. Probation Officer Robert Zapata. The drug test appeared to be positive on an instant test for cocaine, which was then sent to the lab for confirmation. On January 9, 2006, we received confirmation from the lab that the drug test was in fact positive for cocaine.

The offender continues to adamantly deny that he has used any cocaine since the commencement of supervision, and therefore, denies that he has a drug problem. He has more than once stated that he has been using prescribed medication for his back/neck pain, and he has offered this as a possible reason for the cocaine in his urine. As stated previously, this offender has failed to submit any medical documentation to verify that he been prescribed any medication. It should be noted that there is no known pain medication that will test positive for cocaine, as pain medication is generally in the opiate family. In any case, despite repeated instruction, the offender has failed to submit verification via medical documentation to support his continued claim that he is taking prescription medication.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**STATUTORY PROVISIONS:**

Title 18, U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. Accordingly, the court shall require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Pursuant to Title 18, U.S.C. § 3583(e)(3), if revoked, he is facing a maximum statutory penalty of three years imprisonment.

Title 18, U.S.C. § 3583(g)(1) and (3) provides for mandatory revocation of supervised release for possession of a controlled substance or for refusal to comply with drug testing imposed as a condition of supervised release. The court shall require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Title 18, U.S.C. § 3583(h) provides for a term of supervised release following revocation when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3). The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The reimposition of a term of supervised release is allowable in all cases regardless of the offense date.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of IV and a Grade C violation, William Hazard faces a guideline range of 6 to 12 months. The statutory maximum term of imprisonment in this case is 3 years, pursuant to 18 U.S.C. § 3583(e)(3).

Upon a finding of a Grade C violation, pursuant to U.S.S.G. § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(e), where the Court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under Title 18, U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

Where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to § 7B1.5(b), upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time served on post-release supervision.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: CAROLYN MCGOVERN-WOJCIK
U.S. Probation Officer

/cmw

APPROVED:

BARBARA R. KERRIGAN    Date  02/07/06
Supervising U.S. Probation Officer

# SENTENCING RECOMMENDATION

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## UNITED STATES V. WILLIAM HARRISON HAZARD, DOCKET NO. 01-00272-001

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: IV

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years | 6 - 12 months | none |
| SUPERVISED RELEASE: | not more than 3 years | 2 - 3 years | Continued on Supervised Release with modification to include four (4) months home confinement with electronic monitoring) |

**Special Conditions:** 1) Drug and Alcohol Treatment; 2) Financial Disclosure; 3) Four (4) Months Home Confinement with Electronic Monitoring.

## JUSTIFICATION

This offender's history, as indicated in the presentence report, is most troubling in terms of the serious nature of the instant offense, the multitude of prior arrests, and his criminal association to a known Motorcycle Outlaw Club (the Bandanas), which we believe has been an ongoing association. Prior to his release from prison, the offender requested to live with a known member of the Bandanas, an individual who is a convicted felon and has an extremely violent history. That alone is indicative of the offender's ongoing association with this Outlaw Motorcycle Club, and of his intention to resume his prior criminal association. The offender has a known history of methamphetamine use, for which he was charged with selling same as part of the instant offense. Now, after only a few months on supervision, he has already commenced use of cocaine. Most concerning about this is that the offender adamantly denies any cocaine use, in which case we feel he is not an appropriate candidate for a treatment program. In order to use cocaine, one must possess it, which is a felony. We could assume that he is also associating with other drug users and felons in the environment in which he is consuming cocaine.

It appears that Mr. Hazard has little regard for the criminal justice system, and it is also apparent that recidivism is a concern. In an effort to monitor this offender more closely, it is our recommendation that he be continued on supervised release, with a modification to include a four (4) month term of home confinement with electronic monitoring. Not only will the home confinement serve as a punitive measure, but it will allow the Probation Office the opportunity to monitor the offender's criminal tendencies, as well as serve as a deterrent for further non-compliance.

## VOLUNTARY SURRENDER

In the event the offender is given a prison sentence, we do not feel that the offender would be a suitable candidate for voluntary surrender.

## RECOMMENDATION

### (Language of the Court)

It is respectfully recommended that sentence be imposed as follows:

The Court finds upon the evidence presented that William Hazard is in violation of the conditions of Supervised Release as imposed by this Court on January 7, 2002. Whereupon, it is ordered and adjudged that the offender be continued on supervision subject to all previously imposed standard and special conditions and the following additional special condition(s).

> The defendant is to be confined to his residence for a period of 4 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: CAROLYN MCGOVERN WOJCIK
U.S. Probation Officer

/cmw

APPROVED:

BARBARA R. KERRIGAN    Date 02/07/06
Supervising U.S. Probation Officer

TOTAL P.11